## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN L. ST. CHARLES,                          )
                                               )
       Plaintiff,                          )          Civil Action No. 21-cv-1133
                                               )
       v.                                  )          Magistrate Judge Maureen P. Kelly
                                               )
AMRHEIN; ZELAPOS; T. LANEY;                    )          Re: ECF Nos. 3, 19, 20
CAPTAIN WISEMAN; EAST;                         )
LT. KOSLAWSKI;MAJOR VANCHIERI;                 )
ORLANDO HARPER; RUSH;                          )
HOLLAND; TOOMEY; BURNS;                        )
J. BROWN; *and* SGT. SARVER,                   )
                                               )
       Defendants.                         )

## MEMORANDUM ORDER

### I.      FACTUAL AND PROCEDURAL BACKGOUND

Plaintiff Allen L. St. Charles ("Plaintiff") brings this *pro* se civil rights action pursuant to 42 U.S.C. § 1983, and alleges apparent First, Eighth, and Fourteenth Amendment claims arising from the conditions of his confinement at the Allegheny County Jail ("ACJ"). ECF No. 12-2. Plaintiff alleges that he has been denied due process regarding bail and parole eligibility; placed in danger of serious physical harm; denied meaningful access to the courts; suffered deliberate indifference to his mental health condition; and denied timely access to mail. Id. Plaintiff also alleges that he is subject to ongoing retaliation for submitting grievances related to drug trafficking in the ACJ, involving both guards and inmates. Id.

Since the commencement of this action, Plaintiff has filed a series of letters reporting that he had been assigned to share a cell with an inmate he had "snitched on once," and thus Plaintiff seeks judicial intervention directing ACJ to separate him from guards named as defendants in this action and inmates identified by him in grievances submitted to jail officials. ECF Nos. 19, 20,

and 23.  Plaintiff asks that the Court further direct the ACJ not to place him in a corner cell with limited Wi-Fi  access and outside of the range of closed-circuit security camera coverage.  Id.; ECF No. 3.

Plaintiff also requests that he be permitted to proceed under a pseudonym to protect him from possible retaliation by guards, and that the names of certain defendants be changed to reflect spelling errors on the docket of this matter. Plaintiff also requests leave to file a Second Amended Complaint to clarify certain of his allegations, and that the Court enter an order requiring the preservation of  grievances and "write-ups."  ECF Nos. 3, 20.  Plaintiff's most recent correspondence indicates that he is housed in isolation "due to a hunger strike," on a "mental health pod" away from the guards he "snitched on." ECF No. 23.

The Court construes Plaintiff's correspondence collectively as a motion for preliminary injunctive relief.  Defendants have not yet been served with the Amended Complaint.[1]  Thus, counsel has not yet entered an appearance on Defendants' behalf nor responded to Plaintiff's allegations. That said, and for the reasons set forth below, each of Plaintiff's requests for preliminary injunctive relief is denied. Plaintiff's request to correct the docket as to the spelling of Defendant East's name and to reflect the correct gender of Defendant Brown is granted, as is his request for leave to file an Amended Complaint. Plaintiff's request to use a pseudonym to prosecute this action is denied.  Plaintiff's motion to preserve evidence is premature given that Defendants have not yet been served and thus is denied without prejudice to be refiled upon service of the Amended Complaint.

---

[1] The Court ordered service of Plaintiff's Amended Complaint on October 14, 2021, to be accomplished in the ordinary course by the United States Marshal. Service has been delayed because of Plaintiff's initial failure to resolve a deficiency order related to documents necessary to rule upon his motion to proceed in forma pauperis. ECF Nos. 2, 8, 10 and 14.

## II.    STANDARD OF REVIEW

Preliminary injunctive relief is an extraordinary remedy and should issue only in limited circumstances. Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014). The Court considers four factors to determine whether the issuance of a preliminary injunction is warranted: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The first two factors are "most critical" to the court's analysis, and the movant cannot succeed if either of these two factors are not established. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). If these first two "gateway factors" are met, the court considers the remaining factors and determines whether all four factors, on balance, weigh in favor of granting the requested preliminary relief. Id.

In resolving Plaintiff's apparent request for injunctive relief, the Court appreciates the "complex and intractable problems of prison administration," and thus "a request for injunctive relief in the prison context calls for caution and judicial restraint." Brathwaite v. Phelps, 602 F. App'x 847, 849 (3d Cir. 2015) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)). Further, as relevant to Plaintiff's particular claims, "[t]he purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity." Scutella v. Erie Cty. Prison, No. 1:19-CV-00168, 2020 WL 1140719, at *1 (W.D. Pa. Mar. 9, 2020) (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). The facts must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. U.S. v. Stazola, 893 F.2d 34, 37 n.

3

3 (3d Cir. 1990). <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm; the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the Court should deny preliminary injunctive relief. <u>Acierno v. New Castle County</u>, 40 F.3d 645, 655 (3d Cir. 1994).

## III.   DISCUSSION

### A.  Conditions of Confinement

Plaintiff's various letters to the Court set forth  a litany of perceived harms and threats; however, Plaintiff does not met his burden for injunctive relief by demonstrating either a likelihood of success on the merits or irreparable harm.

An Eighth Amendment conditions of confinement claim requires both objective and subjective proof. A prisoner must demonstrate that he or she has been subjected to an objectively "serious" deprivation of life's basic needs or a "substantial risk of serious harm" to his or her health and that defendants knew of and were deliberately indifferent to that deprivation or risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Plaintiff complains that ACJ's housing assignments placed him in danger and that prison officials are not adequately addressing his mental health needs. However, he concedes that he is now housed in a single cell and has been placed on a mental health ward.  Thus, ACJ officials have taken steps to address Plaintiff's safety concerns, including transferring him to a single cell and placing him away from the guards and inmates identified by him in grievances.  Under these circumstances, Plaintiff does not present facts establishing a likelihood of success as to personal safety or mental health issues, nor the risk of irreparable harm. While Plaintiff would prefer not to be on the mental health ward, the Court finds no basis to interfere with ACJ's housing classification

or unit placement. Prison officials requite broad discretionary authority since the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination where to house Plaintiff.

### B.  Request to Proceed Under a Pseudonym

Plaintiff requests that he be permitted to proceed in this litigation under a pseudonym because of his fear of potential retaliation.  ECF No. 3. The propriety of permitting a party to proceed anonymously requires assessment of whether the plaintiff presents "a reasonable fear of severe harm meriting an exception to the 'the public's common law right of access to judicial proceedings.'" Doe v. College of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) (quoting Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).  This requires balancing a multi-factor test adopted in Doe v. Megless and most recently applied in Doe v. College of New Jersey, as follows:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (citation omitted). The factors advising against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Doe v. Coll. of New Jersey, 997 F.3d at 495.

In this case, Plaintiff states that he has filed several grievances at the ACJ related to alleged drug trafficking, and has identified by name participating guards and inmates.  As a result, he claims he is subject to retaliation by those he has identified.  Under these circumstances, Plaintiff's identity has not been kept confidential and is apparently known by Defendants and other inmates at his current facility.  To the extent disclosure of Plaintiff's name in this litigation should be avoided to prevent retaliation and possible assault, Plaintiff concedes he has been placed in a single cell away from the identified guards and inmates, and thus fear of physical harm is not substantial. ACJ has a duty to ensure Plaintiff remains safe from assault and, as alleged by Plaintiff, has taken steps in furtherance of that duty. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) ("the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'") (quoting Farmer, 511 U.S. at 833).

There also is no apparent public interest in maintaining confidentiality of Plaintiff's identity; rather, the public should be permitted to weigh Plaintiff's credibility in assessing accusations of drug trafficking by the individually identified ACJ Defendants.  Finally, Plaintiff does not allege or demonstrate that denying anonymity in this instance will deter him or other similarly situated inmates from commencing suit. Thus, the factors in favor of anonymity do not weigh in Plaintiff's favor and the Court declines to exercise its discretion to permit him to proceed under a pseudonym in this instance.

### C.  Correction of Names on the Docket – ECF Nos. 3 and 20

Plaintiff informs the Court that the correct spelling of Defendant ENST is EAST, and that MS. J. BROWN is J. BROWN.  The docket has been corrected and the Clerk will provide Plaintiff with a copy of the docket reflecting that the change has been made.

### D.  Amended Complaint – ECF No. 3

In the absence of a responsive pleading to the Amended Complaint, and given that service has not yet been accomplished, Plaintiff's motion to file a Second Amended Complaint is granted accordance with Rule 15(a) of the Federal Rules of Civil Procedure.

### E.  Motion to Preserve Evidence – ECF Nos. 3 and 20

Plaintiff's motion to preserve evidence is premature in this instance, given that Defendants have not yet been served and Plaintiff has not alleged facts establishing the likelihood of spoliation of his grievance record. Accordingly, Plaintiff's motion to preserve evidence is denied without prejudice to refiling upon service of the Amended Complaint.

## IV.    CONCLUSION

For each of the foregoing reasons, Plaintiff's motion for preliminary injunctive relief is denied; Plaintiff's motion to proceed under a pseudonym is denied; and Plaintiff's motion to correct the docket is granted.  An appropriate order follows.

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunctive Relief is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Proceed Under a Pseudonym, ECF No. 3, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct the Docket is GRANTED, ECF Nos. 3 and 20, and the names of Defendant East and Brown are properly reflected on the docket of this matter.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. ECF No. 3.

IT IS FURTHER ORDERED that Plaintiff's Motion to Preserve Evidence is denied without prejudice. ECF Nos. 3 and 20.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

Dated: December 6, 2021          ***/s/ Maureen P. Kelly***_____
                                 MAUREEN P. KELLY
                                 UNITED STATES MAGISTRATE JUDGE

cc:    ALLEN L. ST. CHARLES
       0193945
       Allegheny County Jail
       950 Second Ave.
       Pittsburgh, PA 15219