IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN L. ST. CHARLES,<br><br>    Plaintiff,<br><br>  v.<br><br>AMRHEIN, ZELAPOS, T. LANEY, CAPTAIN WISEMAN, EAST, LT. KOSLAWSKI, MAJOR VANCHIERI, ORLANDO HARPER, ADMINISTRATOR; RUSH, HOLLAND, TOOMEY, BURNS, J. BROWN, SGT. SARVER,<br><br>    Defendants. | 2:21-CV-01133-CCW |

## MEMORANDUM ORDER

**I.    Background and Standard of Review**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On December 6, 2021, the Magistrate Judge issued a Memorandum Order, ECF No. 24, resolving a variety of letter motions filed by Plaintiff Allen St. Charles. As relevant here, the Memorandum Order denied without prejudice Mr. St. Charles' (1) request for preliminary injunctive relief and (2) request for an order directing the Defendants to preserve certain evidence. *See id.* at 4–5 and 7. With respect to the former, the Magistrate Judge found that Mr. St. Charles "has not met his burden for injunctive relief by demonstrating either a likelihood of success on the merits or irreparable harm." *Id.* at 4. As to the latter, the Magistrate Judge concluded that Mr. St. Charles' "motion to preserve evidence is premature in this instance, given that Defendants have

not yet been served and Plaintiff has not alleged facts establishing the likelihood of spoliation of his grievance record." *Id.* at 7.

Mr. St. Charles filed an appeal/objection to the Magistrate Judge's Memorandum Order on December 16, 2021. *See* ECF No. 26. Mr. St. Charles challenges the Magistrate Judge's Memorandum Order, as it relates to his request for preliminary injunctive relief, based on events that have transpired since he filed his original motion for preliminary injunction. *See id.* at 1 (describing events "[s]ince I last wrote…"). With respect to the denial of his motion to preserve evidence, Mr. St. Charles argues that "they only keep CCTV footage for so long before a grievance becomes irrelevant for lack of proof – that is part of the foundation of the complaint." *Id.* at 4.

Two distinct standards of review apply here. First, the order denying Mr. St. Charles' motion to preserve evidence "is a pretrial matter pending before the court, [and so] is subject to the standard of review set forth in 28 U.S.C. § 636(b)(1)(A)." *Washington v. Gilmore*, Civil Action No. 18-1558, 2019 U.S. Dist. LEXIS 106451, at *4 (W.D. Pa. June 25, 2019) (Conti, J.). The standard of review governing such an appeal is as follows: "a '[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is "clearly erroneous or contrary to law."'" *Huertas v. Beard*, Case No. 1:10-cv-10-SJM-SPB, 2012 U.S. Dist. LEXIS 105631, at *5–6 (W.D. Pa. Jul. 30, 2012) (quoting *Jackson v. Chubb Corp.*, 45 Fed. Appx. 163, 166 (3d Cir.2002)).

Second, Mr. St. Charles' request for a preliminary injunction "is excluded from the matters which the magistrate judge may hear and determine in the first instance." *Washington*, 2019 U.S. Dist. LEXIS 106451, at *4 (citing 28 U.S.C. § 636(b)(1)(A)). Instead, 28 U.S.C. § 636(b)(1)(B) applies, which provides that a magistrate may "submit…proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion...[for injunctive

relief]." 28 U.S.C. § 636(b)(1)(B).  "The product of a magistrate judge, following a referral of a dispositive matter, is often called a 'report and recommendation.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).  If a party timely objects to a magistrate judge's report and recommendation, "the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"  *Id.* (quoting 28 U.S.C. § 636(b)(1)).  In conducting its review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Washington*, 2019 U.S. Dist. LEXIS 106451, at *5 (citing 28 U.S.C. § 636(b)(1)(B)).

## II. Discussion

### A. Appeal of Order Denying Motion to Preserve Evidence

Having reviewed Mr. St. Charles' request for an order to preserve certain evidence, and the relevant portion of the Memorandum Order denying that request, the Court finds that the Magistrate Judge's conclusion was neither clearly erroneous nor contrary to law.  The Magistrate Judge correctly found that Mr. St. Charles' request was premature.  The Court notes that, as of the date of this Order, a review of the docket in this case suggests that although copies of the Amended Complaint along with requests for waiver of service have been mailed to the Defendants, *see* ECF No. 25, it does not appear that any completed waiver of service has been filed nor has service otherwise been completed.  Accordingly, the Court will AFFIRM the Magistrate Judge's Memorandum Opinion denying Mr. St. Charles' Motion to Preserve Evidence.

### B. Objection to Report Recommending Denial of Motion for Preliminary Injunction

Based on the Court's de novo review of the pleadings and documents in the case, together with the Memorandum Order and the Objections thereto filed by Mr. St. Charles, the Court will deny, without prejudice, Mr. St. Charles' Motion for Preliminary Injunction and adopt the relevant

portion of the Memorandum Order as the opinion of the District Court. *See* ECF No. 26 at 4–5 (finding that "ACJ officials have taken steps to address Plaintiff's safety concerns, including transferring him to a single cell and placing him away from the guards and inmates identified by him in grievances. Under these circumstances, Plaintiff does not present facts establishing a likelihood of success as to personal safety or mental health issues, nor the risk of irreparable harm.").

Finally, to the extent Mr. St. Charles identifies in his objections new or different grounds warranting preliminary injunctive relief, such matters were not properly raised before the Magistrate Judge in Mr. St. Charles' original Motion for Preliminary Injunction. Mr. St. Charles may therefore file a renewed motion for preliminary injunction, setting forth the grounds necessitating such relief, and identifying the risk of immediate, irreparable harm that such relief will prevent. *See* Fed. R. Civ. P. 65.

### III.  Conclusion

For the foregoing reasons, Mr. St. Charles' objection and appeal to the district court, ECF No. 26, is hereby DENIED.

IT IS SO ORDERED.

DATED this 3rd day of January, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

ALLEN L. ST. CHARLES
0193945
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219
PRO SE