IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN L. ST. CHARLES,<br><br>    Plaintiff,<br><br>  v.<br><br>AMRHEIN, ZELAPOS, T. LANEY, CAPTAIN WISEMAN, EAST, LT. KOSLAWSKI, MAJOR VANCHIERI, ORLANDO HARPER, ADMINISTRATOR; RUSH, HOLLAND, TOOMEY, BURNS, J. BROWN, SGT. SARVER,<br><br>    Defendants. | 2:21-CV-01133-CCW |

**MEMORANDUM OPINION AND ORDER**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72. For the reasons that follow, the Court will AFFIRM the Magistrate Judge's Order denying Plaintiff Allen St. Charles' Motion for Discovery, *see* ECF Nos. 31 (Motion for Discovery) and 34 (Order), and the Court will also deny, without prejudice, Mr. St. Charles' Motion for Preliminary Injunction, *see* ECF No. 29, and adopt the Magistrate Judge's Report and Recommendation, *see* ECF No. 33, as the opinion of the District Court.

**I.    Background**

On January 18, 2022, the Magistrate Judge issued a Report, ECF No. 33, recommending that Mr. St. Charles' Renewed Motion for Preliminary Injunction, ECF No. 29, be denied. Service of the Report and Recommendation ("R&R") was made, and Mr. St. Charles has filed Objections. *See* ECF No. 36. In his Motion for Preliminary Injunction, Mr. St. Charles sought an

order for the following relief: "stay in this cell, allowed to buy the same commissary as every other PC [protective custody] inmate, not be subjected to a malicious psychiatrist or have my property taken and trashed repeatedly." ECF No. 29 at 5.

On January 26, 2022, the Magistrate Judge issued an Order, ECF No. 34, denying Mr. St. Charles' request for expedited discovery. *See* ECF No. 31 ("Motion for Discovery"). In particular, the Magistrate Judge found "no basis for the extraordinary relief requested," and further noted that "[i]n accordance with the Federal Rules of Civil Procedure and this Court's procedures and practices, a Case Management Order directing time for discovery will be entered after the Defendants file an Answer to the Complaint." ECF No. 34. Mr. St. Charles has filed a timely appeal of the Magistrate Judge's Order. *See* ECF No. 42; *see also* 28 U.S.C. § 636(b)(1)(A); LCvR 72.C.2 ("Any party may object to a Magistrate Judge's determination made under this rule within fourteen (14) days after the date of service of the Magistrate Judge's order.").

## II.   Standard of Review

Two distinct standards of review apply here. First, the Magistrate Judge's Order denying Mr. St. Charles' Motion for Discovery "is a pretrial matter pending before the court, [and so] is subject to the standard of review set forth in 28 U.S.C. § 636(b)(1)(A)." *Washington v. Gilmore*, Civil Action No. 18-1558, 2019 U.S. Dist. LEXIS 106451, at *4 (W.D. Pa. June 25, 2019) (Conti, J.). The standard of review governing an appeal of that Order is as follows: "a '[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is "clearly erroneous or contrary to law."'" *Huertas v. Beard*, Case No. 1:10-cv-10-SJM-SPB, 2012 U.S. Dist. LEXIS 105631, at *5–6 (W.D. Pa. Jul. 30, 2012) (quoting *Jackson v. Chubb Corp.*, 45 Fed. Appx. 163, 166 (3d Cir.2002)).

2

Second, Mr. St. Charles' Motion for Preliminary Injunction "is excluded from the matters which the magistrate judge may hear and determine in the first instance." Washington, 2019 U.S. Dist. LEXIS 106451, at *4 (citing 28 U.S.C. § 636(b)(1)(A)).  Instead, 28 U.S.C. § 636(b)(1)(B) applies, which provides that a magistrate may "submit…proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion...[for injunctive relief]." 28 U.S.C. § 636(b)(1)(B).  "The product of a magistrate judge, following a referral of a dispositive matter, is often called a 'report and recommendation.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).  If a party timely objects to a magistrate judge's report and recommendation, "the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id*. (quoting 28 U.S.C. § 636(b)(1)).  In conducting its review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Washington*, 2019 U.S. Dist. LEXIS 106451, at *5 (citing 28 U.S.C. § 636(b)(1)(B)).

### III. Discussion

#### A. Appeal of Order Denying Motion for Discovery

Having reviewed Mr. St. Charles' Motion for Discovery, the Magistrate Judge's Order denying that Motion, and Mr. St. Charles' appeal, *see* ECF Nos. 31 (Motion for Discover), 34 (Order Denying Motion for Discovery), and 42 (Appeal of Order), the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law.  The Magistrate Judge correctly found that Mr. St. Charles had not established an appropriate basis for his request for expedited discovery, and that Mr. St. Charles will have an opportunity to conduct discovery, as provided by the Federal Rules of Civil Procedure, once the Defendants have responded to the Amended Complaint and a Case Management Order is entered.  *See* ECF No. 34.

Finally, the Court notes that Mr. St. Charles' attempt to rely on "multiple international instruments," ECF No. 42 at 1–2, as supporting his request for expedited discovery appears to be misplaced. *See, e.g., Smith v. Pennsylvania,* No. 1:18-cv-01241, 2018 U.S. Dist. LEXIS 172653, at *8–9 (M.D. Pa. Oct. 4, 2018) (dismissing as legally frivolous pro se prisoner complaint based on Universal Declaration of Human Rights because "the Universal Declaration of Human Rights, upon which the plaintiff relies, 'is a non-binding declaration that provides no private rights of action.'") (quoting *United States v. Chatman*, 351 Fed. App'x 740, 741 (3d Cir. 2009)); *Pavalone v. Pres. Mgmt.*, No. 3:18-cv-00191, 2019 U.S. Dist. LEXIS 4101, at *6 (M.D. Pa. Jan. 8, 2019) (dismissing as legally frivolous pro se complaint because "the International Covenant on Civil and Political Rights is a multi-lateral treaty to which the United States is a party, but one that is 'not self-executing and so did not itself create obligations enforceable in the federal courts.'") (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)); *Brown v. Victor*, 337 F. App'x 239, 240 (3d Cir. 2009) (per curiam) (noting that the Convention Against Torture "does not create judicially-enforceable rights unless it is first given effect by implementing legislation" and that the "domestic laws implementing the treaty do not provide civil redress for torture within the United States"); *Michtavi v. Martinez*, No. 4:CV-09-1021, 2009 U.S. Dist. LEXIS 131330, at *21 (M.D. Pa. Dec. 9, 2009) (finding "no authority to show that the U.N. Standard Minimum Rules are judicially enforceable" or "that they confer…a private right of action.").

Accordingly, the Court will **AFFIRM** the Magistrate Judge's Order, ECF No. 34, denying Mr. St. Charles' Motion for Discovery, ECF No. 31.

    **B.**    **Objection to the Report and Recommendation Regarding the Motion for Preliminary Injunction**

The Magistrate Judge recommends denying Mr. St. Charles' Motion for Preliminary Injunction because Mr. St. Charles has not demonstrated either a likelihood of success on the

merits or a risk of irreparable harm. *See* ECF No. 33 at 4–5. Specifically, the Magistrate Judge notes that Mr. St. Charles (1) "concedes that he is now housed in a single cell and is as safe as conditions allow," (2) "does not allege facts that his present diagnosis places him at risk of irreparable harm or injury," and (3) that his "property related claims do not present risk of irreparable harm given that relief may be afforded pursuant to institutional grievance procedures and state law." *Id.*; *see also* ECF No. 29 at 4 (stating that "I am, at this moment, in cell 12Q on Level 8, Pod E, 'The Hole,' I am PC status, neither RHU nor DHU (Restrictive or Disciplinary Housing, my light-switch works, there is only one bunk, I am getting showers and a working tablet and not having to argue over a diet tray each meal with someone else's name on it, my *immediate* physical safety could be no more secure that I know of."). Thus, having conducted a *de novo* review of the Motion for Preliminary Injunction and the R&R, the Court discerns no error in the Magistrate Judge's conclusion.

The Court does note that Mr. St. Charles appears to raise in his Objections to the R&R a claim for injunctive relief based on alleged denial of timely access to mail. *See* ECF No. 36 at 2. Although Mr. St. Charles has asserted such a claim in his Amended Complaint, *see* ECF No. 24 at 1 (describing claims asserted in the Amended Complaint), the Motion for Preliminary Injunction at issue appears to have sought, as relevant to Mr. St. Charles' mail, injunctive relief based instead on the alleged destruction of Mr. St. Charles' personal property by jail officials. *See* ECF No. 29 at 2 ("Malicious destruction/disposal of the majority of my personal property, including legal paperwork, sealed mail addressed to Joseph Weiss[1] [sic] containing motions for this case, and nearly all of my possessions…"). That is, it appears to the Court that Mr. St. Charles has again

---

[1] Presumably Mr. St. Charles is here referring to the "Joseph F. Weis, Jr., U.S. Courthouse"—one of the federal courthouses within the United States District Court for the Western District of Pennsylvania.

sought to raise an argument for preliminary injunctive relief in his Objections that was not properly raised or briefed when the Motion was before the Magistrate Judge. *See* ECF No. 28 at 5 ("Finally, to the extent Mr. St. Charles identifies in his objections new or different grounds warranting preliminary injunctive relief, such matters were not properly raised before the Magistrate Judge in Mr. St. Charles' original Motion for Preliminary Injunction."). The Court therefore declines to consider any grounds newly raised in Mr. St. Charles' Objections. *See* LCvR 72.D.2 ("The District Judge, however, need not conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."). Instead, to the extent Mr. St. Charles continues to seek preliminary injunctive relief, he must articulate and support with relevant evidence the grounds warranting such relief. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (setting forth elements movant must satisfy to obtain preliminary injunctive relief).

### IV.   Conclusion

Accordingly, for the reasons set forth above, the Court **AFFIRMS** the Magistrate Judge's denial, ECF No. 34, of Mr. St. Charles' Motion for Discovery, ECF No. 31.

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections thereto, Mr. St. Charles' Motion for Preliminary Injunction, ECF No. 29, is hereby **DENIED**, and the R&R, ECF No. 33, is adopted as the Opinion of the District Court.

DATED this 24th day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND

United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

ALLEN L. ST. CHARLES
0193945
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219
PRO SE